U. S. Versus Miller number 20 40 75. There's, uh, a cobbler. Okay, Laura. Yes, Your Honor. Good afternoon. Check it. Hello. Quarra for Mr Miller and I practice in Charlotte within the Western District of North Carolina. Thank you. Thank you so much, Your Honor. Mr Miller pled guilty without a plea agreement to one count of possession of a firearm by a felon. Um, the precedence report was prepared. He filed certain objections to it. Um, somewhere sustained, and the government withdrew a particular enhancement. The case before this court is whether the district court was correct in assigning one criminal history point to Mr Miller, which bumped him up from prior record level five to a prior record level six. The difference was instead of having a sentencing range of 46 to 57 months, his range was, I believe, 51 to 63 months. The court imposed the highest offense possible under the incorrect criminal history category of 63 months. Mr Miller pled guilty to and received a P. J. C. A no conditions attached. He wasn't required to be on good behavior. He wasn't required to do anything. It was not a diversionary judgment. The court just imposed a P. J. C. And Mr Miller went on his way on the both fourth circuit law as well as law from the state of North Carolina. The P. J. C. should not have counted for points. When you look at the assignment of points under the guidelines, the way the guidelines operate is under 4A1.1, the court assigns three criminal history points for each prior sentence of imprisonment exceeding one year and one month. We know that was not the case here. Two points for each prior sentence of imprisonment of at least 60 days, not counted in a didn't apply here. Apply at one point for each prior sentence, not counted in a or b up to a total of four points wasn't counted here. Then under 4A1.1 E at one point for each prior sentence resulting from a conviction of the crime of violence that did not receive any points under a B or C above because such intent was treated as a single sentence. You're Mr Miller pled guilty. No sentence was imposed. A P. J. C. Yes, you're on. Uh, Mr Carl. Uh, my concern is the North Carolina case law that seems to suggest that once you've entered a plea of guilty, that is a conviction of the offense charged. Um, I think there's the Sidbury case, the state versus canalis. It seems to me that you've got a little bit of an uphill battle here. Yeah, sorry. How do you get around the state versus canalis? That says that, um, the defendant's prayer for judgment continued, and that was an assault case is a prior conviction for sentencing purposes under North Carolina law. And then if you apply it to our sentencing guidelines, uh, how is that not a conviction for what we have to count today? You know, as a as as I cited in my brief under the, uh, this circuit, your circuit has already held that a P. J. C. And I know it was in an immigration context. Uh, Gonzalez sessions where he even received a $100 fine and a P. J. C. And they say it doesn't count for a conviction. The issue here is not whether it's a condition, a conviction. The issue is what sentence was imposed. I know the government cited an unpublished opinion by this circuit that says a diversionary purpose. Uh, U. S. V. Gonzalez is a conviction, but there was no diversion. I went on the website, but the local website, um, I believe it was a middle district as well as the fourth circuit. I couldn't see what it is missing. So let me just make sure I'm getting this then. So what you're saying is, since the sentencing guidelines talks about a prior sentence rather than a prior conviction, you prevailed because there was no sentence. That is correct, Your Honor. And if you look at the appendix page 1 to several, which is the sealed the joint appendix, which is the prison and support based based on the objection that I found the probation officer's response was one point. The defendant pled guilty to and was convicted of possession of marijuana and received a P. J. C. On January 22, 2000 and 14 pursuant to U. S. S. G. 481.1 and comment three. One point is added for each prior sentence counted under 481.1. But there was no sentence, because if you go to paragraph 41, which is where the conviction is, all it says is prayer for judgment. Continued. It is not. It's not a judgment on the way. Not council. Can you help me? You made a point, and I want to try to follow up in a little bit under four a 1.2 F. Um, whatever we think a sentence means, the guidelines tells us that it includes a diversionary disposition. Um, and independent of whatever North Carolina, uh, treats it. Um, and but when I look at what a P. J. C. Is and our discussions of it in North Carolina's discussions of it, it looks to me to be precisely what a diversionary death disposition is, as indicated by our case in Bugari, which is a 1993 decision where we're looking at a Maryland, um, statute, but it does very similar. It sort of kicks the can down the road, and we hold there that that's a diversionary death disposition. Why is a P. J. C. Not a diversionary disposition under four a 1.2 out because diversion from a judicial process under four a 1.2 F, which I also cited on page 10 of my report is without a finding of gift, and it gives the example of different prosecution. Those are the first sentence says diversion without a finding of guilt is not counted, right? So that's fair. But it is, says a diversionary dips disposition resulting from a finding or admission of guilt is a prior sentence. So that sentence there says that a finding of guilt, which we have here, plus a can down the road, which is sort of my layman's term for what a diversionary disposition is that it qualifies as a prior sentence under federal law. And what I'm trying to understand is what? Why do you contend that a P. J. C. Is not a quote diversionary disposition resulting from a finding or admission of guilt? We do respect your honor. It is a funny not guilt, but it's not counted. You have to go by North Carolina law. The U. S. Supreme Court has said in construing a state statute, a federal court may not interpret the state tactic different. Johnson B. Frank L. F A. N. K. E. L. 5 20 U. S. Let me just back you up a second. Do you agree that if we apply, um, the the guidelines provision for a 2.1 at the federal law that it is a disparate, a diversionary disposition, but that instead we must look to state law instead, and that that leads us to a different result. Is that the argument? It is the argument, Your Honor, because when federal law when you apply sentencing and I'm going to go by Simmons, when this court changed the meaning of Simmons in determining what a felony conviction is, this court looked to North Carolina to see what is a felony conviction in the reason just so I just wanna understand that that's different because Section 9 21 of Title 18 directs specifically that the federal court looks to the law of the state of conviction to determine it's a conviction. But our law tells us explicitly that when we about apply the guidelines, we apply federal law, not state law in in doing that. And the guidelines here tell us the diversionary disposition after a finding of guilt is a prior sentence. I mean, I'm sort of with you. I'm not sure why that is, but that's what it says. And that's what I that's what I think I have to apply. I understand your argument is that ignore this and look to state law. But if I don't do that, do you have an argument under subsection F that you don't meet the federal law definition of a prior because a diversionary a diversionary sentence is a sentence where do some things and then the case will be dismissed. Whether I miss a quora, the guideline says diversionary disposition. It doesn't say diversionary sentences. I understand it's subsection F, but this was not a diversionary disposition. It wasn't help us then. Help us then. Why isn't it a diversionary disposition? Because first is a prayer for judgment continued. Usually prayer for judgment continues include, as I cited in my brief, you know, be on good behavior, participate in drug treatment. If you do all of these, we may not end up punishment. Some of the cases I cited says if you're ordered to pay a fine or court costs, or you have to do other things, then it amounts to a judgment. This one, Mr. Miller pled guilty. He didn't even receive the suspended sentence. Prayer for judgment continued. Go on your merry way. There was nothing to do. So there clearly wasn't a penance. I'm sorry, I don't mean to interrupt, but it's hard to tell when the sentences, your sentence was ending there. If it's a diversionary disposition, you're diverting from what? In other words, you seem to, is it a diversion from a conviction? I'll give you an example. I represented somebody who pled guilty to a bunch of felonies, breaking and entering, etc. She pled guilty in June. She's going to do a deferred prosecution on what we now call a 1996. If she doesn't enter any trouble for the next two years, even though she's pled guilty, the court didn't suspend any sentence, just cooperate with your probation officer, will come back to court. The case, the court will dismiss the case. This is not the case. So it's a diversion from a conviction, right? In her case, correct. Okay, well, why don't we have a diversion from a conviction here? It's just that it's unstructured. Your client on the burglary was structured. This is not. It's not a diversion because she was not required to do anything. He was not required to do anything. He entered a plea. The case was over. Nothing. Some of the cases I cited is a prayer for judgment is not only is not a final judgment when only caught cause I imposed on the North Carolina general statute. There was a prayer for judgment continued. The word continued has to be added on their prayer for judgment continued. They may like it fits right in there with a diversionary disposition. It's but the difference is no conditions were imposed. Mr Miller was not required to do anything. All he did for whatever reason and his plea and go on his merry way. He wasn't required to go straight. He was trying to stay out of trouble one day. He was not required to do anything. Your honor. That's my argument. He was not required to do anything. He wasn't required to participate in drug treatment. He wasn't required to stay out of trouble. He wasn't required not to pick up any new charges, which is what diversionary North Carolina required to do. Um, so, Clara, would there have been any consequences, for example, if he had distributed marijuana? Uh, let's say a week after he got this prayer for judgment continued with their not on the facts that we have before us. And I'll give the court an example. Sometimes if you're driving, you get a P. J. C. You know, if you pick up another one, if there's no condition, if it doesn't say don't do they do that, they can come back and reopen the judgment. So this case was closed. If it says participate in drug treatment, and if you completed them will dismiss the case. Then that is a condition which, if he didn't do the drug treatment, judgment will be in it. Mr Miller pled guilty to possession of marijuana, a class three misdemeanor. I was allowed to go on his way. In today's case, he wouldn't even be entitled to counsel because it's a class three misdemeanor. Okay, so you're saying that in the prayer for judgment continued, um, here there was nothing continued. So it wasn't really a prayer for judgment continued because nothing was continued. He just walked away with no conditions. I guess the way we explain is when the judgment is continued, then eventually the state can come and pray judgment and say, Your Honor, we was a call to pray judgment. Now let's say you have a cooperating witness. Witness has cooperated, so we now pray judgment. So there was no judgment was continued. It wasn't entered, and that's why I cited some cases that say it is not a final judgment is not because nothing was in it. Mr Miller was not required to do anything, not pay a fine must stay out of trouble. Absolutely no, whatever. But Council, whatever Mr Miller did what you just said, I think is that either the prosecutor or the judge can then call for a judgment at any later time and impose a sentence. Not in this case, any reason or no reason. So why not in this case? Because when I read when I read 14 dash 404, which is the statute under which the P. J. C. Is imposed it. The continued is in the statute, right? The point of the word continued is not that it is ended. It's not a prayer for judgment never to continue. Your Honor, we do respect it. The case is over unless there are conditions, and that's what I cited. Get examples in my brief on page 21. If you just say court costs, you can bring him back. If it says, um, be on good behavior. If you say all that miss, there's no reason to hold Mr Miller back into court. The case was closed and Mr Miller would not have had a right to appeal because it's not a final judgment under North Carolina law. He could. He couldn't have said, You know, I don't like the judgment. I want to appeal. You wouldn't have authority. He would, as a court judge, enter judgment so that I can appeal it. That's why they don't count it as a final judgment. And I gave the example of the North Carolina Supreme Court case in state. The Griffin, I believe, is a 1957 case. He was not required to do anything. So it wasn't a sentence. It wasn't a final judgment under North Carolina law. And you have to go by what North Carolina law here is. And even this court, U. S. Supreme Court herself in reviewing a statute of conviction in question, the court consults the law that applied at the time of conviction. McNeil versus United States 563 U. S. 816 in 2011 case and the Second Circuit also adopted in Rivera versus United States 716 after 685. A second circuit case. The case started by the government is an unpublished decision. I've started to you publish decisions. Both Gonzalez the sessions as well. In that case is saying P. J. C. Without more published decision by this court. It's what we have said before. We can we can take it into account. Used to be we couldn't, but we didn't wait anymore. We can take that into account. I think we have not only have Gonzalez, we got a couple more on the same point. And I get both from the state as well as the Fourth Circuit. Mr Miller was not required to do anything is not a final judgment prayer for judgment. Continue probation officer. Got it wrong. He says the sentence was imposed. We know his sentence wasn't imposed. The government. I think we understand your position. You've stated more than once. I think we understand your position. Let's see what the assistant U. S. Attorney says. You have some rebuttal time, too. Thank you. Thank you very much, Mr. In right. Thank you, Your Honor. May it please the court. Anthony and right for the United States. The district court properly assigned one criminal history point to Miller's 2013 North Carolina marijuana offense that resulted in a prayer for judgment continued. This court was correct in United States versus Gonzalez when it held squarely that a prayer for judgment continued in the North Carolina law is a diversionary disposition resulting from a finding or admission of guilt that is awarded one point under section for a 1.1 C of the guidelines. It's basically a quote for a what? That's the I'm quoting this court quoting for a 1.2 F, which specifically says that a diversionary just defines the term prior sentence. That's a term that's defined by federal law to include a diversionary disposition. Disposition may not be a sentence in the colloquial sense, but the Sentencing Commission chose to define it to include any disposition of any diversionary disposition resulting from a finding or admission of guilt. And that's the hallmark of all us. Did you have what you're saying, Mr In right? I'm sorry, Your Honor. I missed the first part of your question. I said, Is that a are you quoting the Gonzalez case? I'm quoting both because Gonzalez was quoting the guideline, but I'll quote the guideline to be clear. That's for a 1.2 F, which is a quote. Diversionary disposition resulting from a finding or admission of guilt or a plea of no low contender in a judicial proceeding is counted as a sentence under section for a 1.1 C, even if a conviction is not formally entered. And then there's an there's no dispute that this is not a juvenile disposition. And I think that is controlling because a prayer for judgment continued is exactly that. It follows a finding or the only state in the union that has something like it's called this. As far as I know, Your Honor, it is unique in this procedure. I have. I have. I have seen several statements that it is unique, and I've looked and I've spent some time trying to find something that's just like it. And I have not had any luck. Yeah, there is. But there is a guilty plea entered in the proceedings, right? But nothing ever. There is a guilty plea or an adjudication of guilt. Technically, the court has the discretion to impose a PJC after a conviction or a jury verdict. Also, is that going to interpret it used enough? They have that. Judge Richardson used that term PJC. You did. It's used enough in North Carolina that people understand the acronym PJC. They do, Your Honor. I see it routinely in sentencing's in our in our office and every we have a few regular practitioners from state ADA's office, and it is a very common term here. I never heard it till I moved to North Carolina myself, but I've heard it so many times since then that it's definitely a common disposition. Plead guilty and try to get a PJC. That's that's that's the goal, isn't it? Yes. And the guidelines accommodate that because it is a show of leniency. You have you have the conviction and you admitted your guilt. So there's no question you did it with it, at least as determined by a court. But you don't get the penalty associated with a judicial sentence. And to answer Judge Kenan's question, what's it a diversion from the judicial process? And that's right at the beginning of the statement. Diversion from the judicial process without a finding of guilt is what that guideline is referring to. So it's not in the federal system. In the federal system, you still have a pretrial diversion program once in a while. I'm aware of it. I honestly have not had a case that required me to look in any detail about it, but I believe there are there are effects for certain offenders. Maybe they do them in some districts and not others. I'm sorry, Judge Kenan. I've had it up to you twice and I apologize. Oh, no, not at all. You go right ahead. That was that you or me? Let me I think let me just ask if you're familiar with this Bugari decision. This is the 1993 decision, and it applies to a Maryland statute. And in the Maryland statute there, it looks a lot like a prayer for me. But it's not gonna help me to ask you about it if you're not familiar with it. Is that I read? I can tell you I read it, but I can. I'm not remembering exactly what the dispute was in that case, because, frankly, I read too many cases on the subject. I'm sorry about that. Where? And this is the Maryland code. It's it's I don't know that they have a technical name for it, but it's a guilty plea without entry of judgment. And it's a you plead guilty, the court may stay the entering of judgment and defer further proceedings. Um, and we in that case go under and we find under four a 1.2 F that it is a diversionary disposition. Um, and then we go on and address other issues. But that's the premise. And so I guess I'm just looking to you to help me of sort of material differences with that Maryland statute that we already addressed in 93 and the prayer for judgment continued understanding they're not exactly the same. But are there material differences that I should be aware of in thinking about the case? I'm not aware of any material differences. I think the dispute that you see and that I saw in a lot of cases, and I think this one, too. But I apologize, Your Honor. I'm a little there was a conviction because there are some there are some diversionary schemes, some diversionary schemes in states. And I think there might be some in North Carolina where you know you're charged with something and you have some kind of you know, you take a class and then there's no conviction. And sometimes it's fuzzy. And the guideline explicitly calls for an adjudication of the dispute. And that is not only is it and I want to say that is that is, I think, a hallmark of all PJCs or prayers for judgment continued in North Carolina law. But I don't even know that the court needs to go that far if it doesn't think that's appropriate, because we have undisputed in this case that there was a guilty plea. And so a diversionary disposition after a guilty plea, even if it's not in every case, um, is enough. I also want to, uh, I thought these three top diversion programs were talked about in the U. S. Attorney's manual. Not for me that well, I'm familiar with the U. S. Attorney's manual, Your Honor. I answer that. Judge King. They are. They're disgusting there, and they came from. I'll go back. I'm gonna I'm gonna give you some history here. 50 years ago, we called him the Brooklyn plan. The Brooklyn plan. They started up there in the eastern district in New York when they would catch kids feeling checks as mailboxes on the third of the month, social security checks. And they would, and they put him on the Brooklyn plan. And the prosecutor and the and the agents would just would do it all in in the prosecutor's office and didn't involve the court. And the people in Washington didn't like these things with when the courts weren't involved and didn't have the admission of guilt that you're talking about. And they kind of outlawed the Brooklyn plan or improved on the Brooklyn plan and got into what they formally called a pretrial diversion program. And but they were, I think, left kind of discretionary with different U. S. Attorney's offices. But this thing in North Carolina just sounds like a state version of it to me. Well, I didn't mean to. Well, I apologize, Your Honor. I am familiar with U. S. Attorney's manual. I am familiar with the existence of federal diversionary programs. I am unfortunately, and I this is my failure. I'm not terribly familiar with the details of them, and I'm sorry about that. That's my own lack of experience with them. Um, one thing I've learned preparing for this case is that there's a lot of different ways to do it in the various states and in the various jurisdictions. And so I think the guidelines make it pretty simple. Does it follow a determination of guilt or a guilty plea? And is it a diversion? Or is it, you know, the other? The alternative to a diversion is it's a judicially imposed sentence. It's a probation or it is a sentence, in which case it's counted under other rules. And to go back to a question Judge Keenan asked if there if there was no if there were no diversionary disposition, if this court were to conclude that a prayer for judgment continued was not a diversionary disposition, then the rule that would apply would be for a 1.2 a four, which applies where a defendant has been because that's essentially what happens. You have a conviction, and then there's a the prayer for judgment is continued. So the sentence isn't imposed. And unless there be any, sometimes there's some dispute about what the word conviction means. But fortunately, the guidelines define it in that very section. Convicted of an offense means that the guilt of the defendant has been established, whether by guilty plea, trial or plea of no contender. So if it weren't a diversionary disposition, it would still get a point under for a 1.1 C because there's that conviction. And I think the idea of a diversionary disposition is simply to clarify that I think the point of 41.1 F is to clarify that, you know, those count and they're considered a prior sentence, even though it may not technically, you know, meet the ordinary, the dictionary definition. I don't know if the court has any. One thing I want to address just very briefly is the immigration statute. The 2L1.2 uses the term diversionary disposition, and this court incorporated because it's an immigration guideline, the immigration statutes definition of conviction. That definition explicitly includes a requirement that the disposition include punishment or conditions. It doesn't apply to 41.2 because a decision Medina by this court said that we're applying a different definition for this session and because the section in the immigration statute doesn't doesn't use the term diversionary disposition. There's simply no reason you'd I don't believe I've seen a single decision that's ever done that. Um, if the court has no further questions, I'm happy to yield the balance of my time back to the court. But if there are any other questions, I'm happy to answer them, too. Thank you very much, Mr. Right. We appreciate it. Thank you, Your Honor. No. The caller you thank you. You got a lot of that. The court inquired about the U. S. Attorney's manual dealing with pre trial diversion. Yes, there is a program under the manual, and part of the program is is an alternative to prosecution, which seeks to divert certain offenders from traditional criminal justice processing. Amongst the thing that it does is if participants who successfully complete the program will not be charged or if they are charged, we'll have the charge against them dismissed. Unsuccessful participants are returned to the court. What Mr Miller received was not a diversionary program. I will also ask the court not to use Maryland law the bigoted decision to decide North Carolina law. Just like I said before, this school looks to state laws to determine is somebody a non career criminal? For instance, you make decisions is not Carolina breaking and entering a violent felony is Georgia breaking and entering a violent felony. You don't make a decision saying because North Carolina breaking and entering is a violent felony that automatically means South Carolina B. And he is a violent felony. That means judges a violent felony page 20 to 22 of my brief listed a number of cases that says if there are no conditions imposed, it is not a final judgment. There's no dispute that he pled guilty The question is what happened after that judgment was not in that. It's not a question of judgment. It's a prayer for judgment. Continued judgment was not in it. So yes, it is a conviction. Judgment was not in it. He wasn't required to do anything. He could not be holding to court for doing anything because of that judgment that was in that in 2014 he walked away. The case was over. So it's not a diversionary program. It is not a final judgment. As North Carolina law says, if a P. J. C. Is not a final judgment when only costs were entered. There were no costs in this case. A P. J. C. Is not is not a final judgment merely because a condition is imposed, ordering the defendant to obey the law. And you have some North Carolina Court of Appeals cases. It says a P. J. C. Doesn't convert into a judgment because because not a final. It only becomes a final judgment when certain conditions are imposed. And those conditions, for instance, are imprisonment, even if it suspended restitution, participate in psychiatric treatment, follow curfew. And I cited all those cases on page 23 of my brief. In this case judgment, he pled guilty, walked away from court. Prayerful judgment continues. It is not a sentence is not a diversionary program. We shouldn't use that to decide North Carolina law. I think the court should go by. How have North Carolina decisions? Yes, Your Honor. So I'm saying, Your Honor, it is. It is prayerful judgment continued. It is not a final judgment. I've started all the cases in my brief, and it's not a diversionary program because he wasn't diverted. He wasn't required to do anything. He entered a plea and walked away. He didn't even receive a suspected sentence. There were no conditions attached, so it doesn't qualify as a conviction. Well, it's not a final judgment on the North Carolina law, so it doesn't qualify. And it's not a diversionary program for purposes of the sentencing guidelines. And I think it should be decided as this law in determining. Is this a felony conviction? Is this a Nam Korea case? Is that you look to North Carolina law on the North Carolina law? What Mr Miller received for the possession of marijuana was a prayerful judgment continued. It wasn't a final judgment. He wasn't required to do anything, and no criminal history should have been assessed. And because the district court and in doing that, his criminal history went to a level six, and he received a sentence. The bottom of the range he should have received was 46 months. He received the sentence of 63 months, and we're asking the court to remand it for recent and sing without that criminal history point, and he should be sentenced as a prior record level five. And I'm ready to ask questions the court had. Yes, Your Honor. We I think we I think we understand your position, uh, clearly. Uh, we appreciate your work. Your court pointed here, and we particularly appreciate your assistance to the court. Thank you. Uh, we'll take madam. And if we were in Richmond, I'll tell you like I did the previous lawyers. If we were in Richmond, we would leave the bench and thank you and shake hands with you and and congratulate you on your work in this case. We'll do that next time. Uh, thank you. We'll take this case under advisement, and we'll adjourn court for the day. This honorable court stands adjourned until tomorrow morning. God said the United States and this honorable court.
judges: Robert B. King, Barbara Milano Keenan, Julius N. Richardson